UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RUOEY LUNG ENTERPRISE CORP.,

Plaintiff,

v.

SIX VICTOR LTD.,

Defendant.

Civil Action No:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ruoey Lung Enterprise Corp. ("Ruoey Lung") for its complaint against Defendant Six Victor Ltd. ("Six Victor") alleges as follows:

### THE PARTIES

1. Plaintiff Ruoey Lung is a Taiwanese company having a principal place of business at 17 Lu-Kung South 2 Road, Chang-Pin Industrial Park, Lu-Kang, Changhua, Taiwan 505, ROC.

2. On information and belief, Defendant Six Victor is a Taiwanese company having a principal place of business at 3F, No. 1, Alley 5 Lane 19, Taiping Road, Taichung, Taiwan.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code and involves federal questions regarding patent law.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant, who on information and belief has significant contacts with and does business in this District, including the activities that form the basis for this action.

6. Venue lies in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS

7. On November 11, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7, 448, 100 (the "'100 patent") entitled "Motorized Bed That Is Movably Closer To The Wall" to Ruoey Lung as assignee of the inventor Lung-Tan Shih. Ruoey Lung is the legal owner of the '100 patent and possesses all rights of recovery under the '100 Patent. A true and correct copy of the '100 Patent is attached hereto as Exhibit A.

8. Upon information and belief, Defendant has and continues to infringe the '100 Patent in Massachusetts, within this judicial district, and elsewhere in the United States.

9. Specifically, Defendant purchases products which infringe the '100 patent from Ascion LLC and sells such products to Tempur-Pedic, who, in turn, sells such infringing products to, *inter alia*, retailers and direct to consumers.

10. Plaintiff has previously accused Ascion and Tempur-Pedic of infringing the '100 patent by selling these infringing products in the action entitled Ruoey Lung Enterprise Corp v. Tempur Pedic International Inc et al, Case No. 1:09-cv-11550-GAO, presently pending in this Court. (the "Tempur-Pedic action").

11. Plaintiff has recently discovered, via documents produced by Ascion in the Tempur-Pedic action, that Six Victor is in the chain of distribution of the infringing products, *i.e.*, that Ascion sells infringing products to Six Victor who, in turn, sells them to Tempur-Pedic.

## COUNT ONE

## (INFRINGEMENT OF U.S. PATENT NO. 7,448,100)

12. Plaintiff restates and incorporates by reference each of the averments of paragraphs 1-11.

13. Six Victor has infringed and is continuing to infringe one or more claims of the '100 Patent and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '100 Patent in violation of 35 U.S.C. § 271 by among other things making, using, providing, offering to sell, selling (either directly or through intermediaries), and/or importing infringing products without license or authority from Ruoey Lung.

14. Six Victor's aforementioned activities were all without authority and/or license from Ruoey Lung.

15. Ruoey Lung is entitled to recover from Six Victor the damages that Ruoey Lung sustained as a result of Six Victor's wrongful acts in an amount subject to proof at trial.

16. Ruoey Lung is informed and believes, and thereon alleges, that Six Victor's infringement of the '100 Patent has been and continues to be willful. As a result, Ruoey Lung is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

17. Six Victor's infringement of Ruoey Lung's exclusive rights under the '100 Patent will continue to damage Ruoey Lung causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Ruoey Lung respectfully requests the following relief:

A. Adjudication that Defendant has infringed and continues to infringe claims of the

'100 Patent, either literally and/or under the doctrine of equivalents, and/or by others to whose infringement defendant has contributed, and/or by others whose infringement has been induced by Defendant.

B. An award of monetary damages to Ruoey Lung adequate to compensate Ruoey Lung for Defendant's acts infringement along with prejudgment interest.

C. An award of enhanced damages, up to and including trebling of damages pursuant to 35 U.S.C. § 284 for willful infringement by Defendant.

D. An award of Ruoey Lung's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of the case, or as otherwise permitted by law.

E. An order that preliminarily and permanently enjoins Defendant, and its directors, officers, employees, attorneys, agents and all persons in concert or participation with any of the foregoing from further acts that infringe, contributorily infringe, or induce infringement of the '100 Patent.

F. For other and further relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all issues so triable as provided by Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

**RUOEY LUNG ENTERPRISE CORP.
and LUNG-TAN SHIH**

By their attorneys,

Dated: September 10, 2010

*sm·Cl.*

Scott McConchie (BBO # 634127)
*sm@gtmllp.com*
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110
(617) 542-9900 (tel)
(617) 542-0900 (fax)

Richard F. Cauley
*RichardCauley@whgclaw.com*
Franklin E. Gibbs
*FranklinGibbs@whgclaw.com*
WANG, HARTMANN, GIBBS, & CAULEY P.C.
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
(949) 833-8483 (tel)