## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RUOEY LUNG ENTERPRISE CORP. | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action No. 10-cv-11546-GAO |
| | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SIX VICTOR LTD. | ) | |
| | ) | |
| Defendant. | ) | |

### RUOEY LUNG ENTERPRISE CORP.'S ANSWER TO SIX VICTOR LTD.'S COUNTERCLAIMS

Plaintiff Ruoey Lung Enterprise Corp. ("RL"), for its Answer to the Counterclaims of Defendant Six Victor Ltd. ("Counterclaims"), hereby states as follows, with each numbered answer corresponding to the numbered paragraph of the Counterclaims of Defendant Six Victor Ltd. ("Six Victor"):

### JURISDICTION AND VENUE

1.    RL admits that paragraph 1 identifies the title and sections of the United States Code under which Six Victor's claims are based.

2.    RL admits the allegations of paragraph 2 of the Counterclaims.

3.    RL admits the allegations of paragraph 3 of the Counterclaims.

1

4.    RL admits the allegations of paragraph 4 of the Counterclaims.

5.    RL denies each and every allegation of paragraph 5 of the Counterclaims.

### THE PARTIES

6.    RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of the Counterclaims and, on that basis, denies them.

7.    RL admits the allegations of paragraph 7 of the Counterclaims.

### FIRST COUNTERCLAIM

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8.    RL repeats its responses to paragraphs 1 through 7 of the Counterclaims.

9.    RL admits the allegations of paragraph 9 of the Counterclaims.

10.    RL admits the allegations of paragraph 10 of the Counterclaims.

11.    RL denies each and every allegation of paragraph 11 of the Counterclaims.

### SECOND COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY

12.    RL repeats its responses to paragraphs 1 through 11 of the Counterclaims above and also incorporates its responses to paragraphs 13 through 171 below.

13.    RL admits the allegations of paragraph 13 of the Counterclaims.

14.    RL denies each and every allegation of paragraph 14 of the Counterclaims.

15.    RL denies each and every allegation of paragraph 15 of the Counterclaims.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF UNENFORCEABILITY

16.     RL repeats the responses to paragraphs 1 through 15 of the Counterclaims above and also incorporates the responses to paragraphs 17 through 171 below.

17.     RL denies each and every allegation of paragraph 17 of the Counterclaims except refers to the '100 patent for the identification of the inventor, assignee and prosecuting attorney.

18.     RL denies each and every allegation of paragraph 18 of the Counterclaims.

19.     RL denies each and every allegation of paragraph 19 of the Counterclaims.

20.     RL admits that Ms. Sophia Shih sent an email to Mr. Martin Rawls-Meehan attaching copies of two patents and denies each and every remaining allegation of paragraph 20 of the Counterclaims.

### Duty of Disclosure

21.     Paragraph 21 of the Counterclaims states a legal conclusion to which no answer is required.

22.     Paragraph 22 of the Counterclaims states a legal conclusion to which no answer is required.

23.     Paragraph 23 of the Counterclaims states a legal conclusion to which no answer is required.

24.     Paragraph 24 of the Counterclaims states a legal conclusion to which no answer is required.

25.     Paragraph 25 of the Counterclaims states a legal conclusion to which no answer is

required.

26.    RL admits each and every allegation of paragraph 26 of the Counterclaims.

27.    Paragraph 27 of the Counterclaims states a legal conclusion to which no answer is required.

28.    Paragraph 28 of the Counterclaims states a legal conclusion to which no answer is required.

29.    RL denies each and every allegation of paragraph 29 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

30.    Paragraph 30 of the Counterclaims states a legal conclusion to which no answer is required.

## Background on '100 patent

31.    RL denies each and every allegation of paragraph 31 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

32.    RL denies each and every allegation of paragraph 32 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof..

33.    RL denies each and every allegation of paragraph 33 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

34.   RL denies each and every allegation of paragraph 34 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

35.   RL denies each and every allegation of paragraph 35 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

36.   RL denies each and every allegation of paragraph 36 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof..

37.   RL denies each and every allegation of paragraph 37 of the Counterclaims.

38.   RL denies each and every allegation of paragraph 38 of the Counterclaims.

39.   RL denies each and every allegation of paragraph 39 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

40.   RL denies each and every allegation of paragraph 40 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

41.   RL denies each and every allegation of paragraph 41 of the Counterclaims.

42.   RL denies each and every allegation of paragraph 42 of the Counterclaims.

43.   RL denies each and every allegation of paragraph 43 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate

contents thereof.

44.    RL denies each and every allegation of paragraph 44 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

45.    RL denies each and every allegation of paragraph 45 of the Counterclaims.

46.    RL denies each and every allegation of paragraph 46 of the Counterclaims.

47.    RL denies each and every allegation of paragraph 47 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof..

48.    RL denies each and every allegation of paragraph 48 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

## Background on Lung-Tan Shih

49.    RL denies each and every allegation of paragraph 49 of the Counterclaims and refers Six Victor to U.S. Patent App. No. US2002/0144350 for the full and accurate contents thereof..

50.    RL denies each and every allegation of paragraph 50 of the Counterclaims and refers Six Victor to U.S. Patent App. No. US2002/0144350 for the full and accurate contents thereof.

51.    RL denies each and every allegation of paragraph 51 of the Counterclaims.

52.    RL denies each and every allegation of paragraph 52 of the Counterclaims.

53.   RL denies each and every allegation of paragraph 53 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No 7,448,100 for the full and accurate contents thereof. .

54.   RL denies each and every allegation of paragraph 54 of the Counterclaims and refers Six Victor to U.S. Provisional Application No. 60/660,228 for the full and accurate contents thereof.

55.   RL denies each and every allegation of paragraph 55 of the Counterclaims and refers Six Victor to U.S. Provisional Application No. 60/660,228 for the full and accurate contents thereof.

56.   RL denies each and every allegation of paragraph 56 of the Counterclaims.

57.   RL denies each and every allegation of paragraph 57 of the Counterclaims.

58.   RL denies each and every allegation of paragraph 58 of the Counterclaims and refers Six Victor to the declaration referred to in paragraph 59 of the Counterclaims. for the full and accurate contents thereof.

59.   RL denies each and every allegation of paragraph 59 of the Counterclaims and refers Six Victor to the declaration referred to for the full and accurate contents thereof.

60.   RL denies each and every allegation of paragraph 60 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

### '309 Patent Application, References Cited Therein, and Office Action

61.   RL denies each and every allegation of paragraph 61 of the Counterclaims and

refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

62.   RL denies each and every allegation of paragraph 62 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

63.   RL denies each and every allegation of paragraph 63 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof and also to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

64.   RL denies each and every allegation of paragraph 64 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof and also to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

65.   RL denies each and every allegation of paragraph 65 of the Counterclaims.

66.   RL denies each and every allegation of paragraph 66 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

67.   RL denies each and every allegation in paragraph 67 of the Counterclaims.

68.   RL denies each and every allegation in paragraph 68 of the Counterclaims.

69.   RL denies each and every allegation in paragraph 69 of the Counterclaims.

70.   RL denies each and every allegation in paragraph 70 of the Counterclaims.

71.   RL denies that the Plaintiff in this action served an interrogatory on Defendant on December 14, 2009 and all other allegations in paragraph 71 of the Counterclaims.

72.   RL denies that the Plaintiff in this action served an interrogatory on Defendant on December 14, 2009 and all other allegations in paragraph 72 of the Counterclaims.

73.   RL denies that the Plaintiff in this action served an interrogatory on Defendant on December 14, 2009 and all other allegations in paragraph 73 of the Counterclaims

## Co-Pending '309 Patent Application and the Office Action

74.   RL denies each and every allegation in paragraph 74 and refers Six Victor to the Office Action from the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

75.   RL denies each and every allegation in paragraph 75 and refers Six Victor to the Office Action from the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

76.   RL denies each and every allegation in paragraph 76 and refers Six Victor to the Office Action from the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

77.   RL denies each and every allegation in paragraph 77 of the Counterclaims.

78.   RL denies each and every allegation in paragraph 78 of the Counterclaims.

79.   RL denies each and every allegation in paragraph 79 and refers Six Victor to the Office Action from the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

80.    RL denies each and every allegation in paragraph 80 and refers Six Victor to the Office Action from the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

81.    RL denies each and every allegation of paragraph 81 of the Counterclaims.

82.    RL denies each and every allegation of paragraph 82 of the Counterclaims.

83.    RL denies each and every allegation of paragraph 83 of the Counterclaims.

84.    RL denies each and every allegation of paragraph 84 of the Counterclaims.

85.    RL denies each and every allegation of paragraph 85 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

86.    RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 86 of the Counterclaims and, on that basis, denies them.

87.    RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 87 of the Counterclaims and, on that basis, denies them.  RL refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

88.    RL denies each and every allegation in paragraph 88 of the Counterclaims.

**'358 Prior Art Patent**

89.    RL denies each and every allegation of paragraph 89 of the Counterclaims and refers Six Victor to the prosecution history of the '309 Patent for the full and accurate contents thereof.

90.   RL denies each and every allegation of paragraph 90 of the Counterclaims.

91.   RL denies each and every allegation of paragraph 91 of the Counterclaims and refers Six Victor to the '358 patent for the full and accurate contents thereof.

92.   RL denies each and every allegation in the first two sentences of paragraph 92 of the Counterclaims. RL denies each and every allegation in the third sentence of paragraph 92 of the Counterclaims and refers Six Victor to the prosecution history of the '358 patent.

93.   RL denies each and every allegation in the first sentence of paragraph 93 of the Counterclaims. RL denies each and every allegation in the second sentence of paragraph 93 of the Counterclaims and refers Six Victor to the prosecution history of the '358 patent for the full and accurate contents thereof.

94.   RL denies each and every allegation in paragraph 94 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

95.   RL denies each and every allegation in paragraph 95 of the Counterclaims..

96.   RL denies each and every allegation in paragraph 96 of the Counterclaims.

97.   RL denies each and every allegation in paragraph 97 of the Counterclaims.

98.   RL denies each and every allegation in paragraph 98 of the Counterclaims.

99.   RL denies each and every allegation in paragraph 99 of the Counterclaims..

100.  RL denies each and every allegation in paragraph 100 of the Counterclaims.

101.  RL denies each and every allegation in paragraph 101 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate

contents thereof.

102.   RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 102 of the Counterclaims and, on that basis, denies them.

103.   RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 103 of the Counterclaims and, on that basis, denies them.

104.   RL denies each and every allegation in paragraph 104 of the Counterclaims.

### '852 Prior Art Patent

105.   RL denies each and every allegation of paragraph 105 of the Counterclaims and refers Six Victor to the prosecution history of the '309 Patent for the full and accurate contents thereof.

106.   RL denies each and every allegation in paragraph 106 of the Counterclaims.

107.   RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 107 of the Counterclaims and on that basis denies them.  RL refers Six Victor to the patent prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.  RL also refers Six Victor to the '852 patent for the full and accurate contents thereof.

108.   RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 108 of the Counterclaims and on that basis denies them.  RL refers Six Victor to the patent prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

109.   RL denies the allegations of paragraph 109 of the Counterclaims.

110.   RL denies the allegations of paragraph 110 of the Counterclaims.

111.   RL denies the allegations of paragraph 111 of the Counterclaims.

112.   RL denies the allegations of paragraph 112 of the Counterclaims.

113.   RL denies the allegations of paragraph 113 of the Counterclaims.

114.   RL denies each and every allegation of paragraph 114 of the Counterclaims.

115.   RL denies each and every allegation in paragraph 115 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

116.   RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 116 of the Counterclaims..

117.   RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 117 of the Counterclaims.

118.   RL denies each and every allegation of paragraph 118 of the Counterclaims.

### '280 Prior Art Patent

119.   RL denies each and every allegation of paragraph 119 of the Counterclaims.

120.   RL denies each and every allegation of paragraph 120 of the Counterclaims.

121.   RL denies each and every allegation of paragraph 121 of the Counterclaims and refers Six Victor to the '280 patent for the full and accurate contents thereof.

122.   RL denies each and every allegation of paragraph 122 of the Counterclaims and refers Six Victor to the '280 patent for the full and accurate contents thereof.

123.  RL denies each and every allegation of paragraph 123 of the Counterclaims and refers Six Victor to the prosecution history of the '280 patent for the full and accurate contents thereof.

124.  RL denies each and every allegation of paragraph 124 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

125.  RL denies each and every allegation of paragraph 125 of the Counterclaims.

126.  RL denies each and every allegation of paragraph 126 of the Counterclaims.

127.  RL denies each and every allegation of paragraph 127 of the Counterclaims.

128.  RL denies each and every allegation of paragraph 128 of the Counterclaims.

129.  RL denies each and every allegation of paragraph 129 of the Counterclaims.

130.  RL denies each and every allegation of paragraph 130 of the Counterclaims

131.  RL denies each and every allegation of paragraph 131 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

132.  RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 132 of the Counterclaims, and on that basis, denies them.  RL refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof..

133.  RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 133 of the Counterclaims, and on that basis, denies them.  RL refers Six

Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

134.  RL denies each and every allegation of paragraph 134 of the Counterclaims.

### '647 and '011 Patents

135.  RL admits that on or about March 29, 2006, Mrs. Sophia Shih sent an email to Rawls-Meehan identifying two patents, but otherwise denies each and every allegation of paragraph 135 of the Counterclaims.

136.   RL denies each and every allegation of paragraph 136 of the Counterclaims.

137.  RL denies each and every allegation of paragraph 137 and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

138.  RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 138 of the Counterclaims and, on that basis, denies them.

139.  RL denies each and every allegation of paragraph 139 of the Counterclaims.

140.  RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 140 of the Counterclaims and, on that basis, denies them.

### '647 Patent

141.  RL denies each and every allegation of paragraph 141 of the Counterclaims.

142.  RL denies each and every allegation of paragraph 142 of the Counterclaims and refers Six Victor to the '647 Patent for the full and accurate contents thereof.

143.  RL denies each and every allegation of paragraph 143 of the Counterclaims and

refers Six Victor to the '647 Patent for the full and accurate contents thereof.

144. RL denies each and every allegation of paragraph 144 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof..

145. RL denies each and every allegation of paragraph 145 of the Counterclaims.

146. RL denies each and every allegation of paragraph 146 of the Counterclaims.

147. RL denies each and every allegation of paragraph 147 of the Counterclaims.

148. RL denies each and every allegation of paragraph 148 of the Counterclaims.

149. RL denies each and every allegation of paragraph 149 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

150. RL denies each and every allegation of paragraph 150 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

151. RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 151 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

152. RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 152 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof

153. RL denies each and every allegation of paragraph 153 of the Counterclaims..

### '011 Patent

154.  RL denies each and every allegation of paragraph 154 of the Counterclaims.

155.  RL denies each and every allegation of paragraph 155 of the Counterclaims and refers Six Victor to the '111 Patent for the full and accurate contents thereof.

156.  RL denies each and every allegation of paragraph 156 of the Counterclaims and refers Six Victor to the '111 Patent for the full and accurate contents thereof.

157.  RL denies each and every allegation of paragraph 157 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

158.  RL denies each and every allegation of paragraph 158 of the Counterclaims.

159.  RL denies each and every allegation of paragraph 159 of the Counterclaims.

160.  RL denies each and every allegation of paragraph 160 of the Counterclaims.

161.  RL denies each and every allegation of paragraph 161 of the Counterclaims.

162.  RL denies each and every allegation of paragraph 162 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

163.  RL denies each and every allegation of paragraph 163 of the Counterclaims and refers Six Victor to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

164.  RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 164 of the Counterclaims and, on that basis, denies them.  RL refers Six

Victor to the prosecution history of U.S. Patent No. 7,448,309 for the full and accurate contents thereof.

165.  RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 165 of the Counterclaims and, on that basis, denies them.  RL refers Six Victor to the prosecution history of U.S. Patent No. 7,448,309 for the full and accurate contents thereof.

166.  RL denies each and every allegation of paragraph 166 of the Counterclaims..

## FORTH COUNTERCLAIM

## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

167.  RL repeats and incorporates here paragraphs 1 through 171.

168.  RL denies each and every allegation in paragraph 168 of the Counterclaims.

169.  RL denies each and every allegation in paragraph 169 of the Counterclaims.

170.  RL denies each and every allegation in paragraph 170 of the Counterclaims.

171.  RL denies each and every allegation in paragraph 171 of the Counterclaims.

## AFFIRMATIVE DEFENSES

## AFFIRMATIVE DEFENSE NO. 1

(No Cause of Action)

Six Victor fails to state a claim upon which relief may be granted.

## AFFIRMATIVE DEFENSE NO. 2

To the extent that any of Six Victor's claims are untimely under the applicable limitations

period, they are barred by the applicable statutes of limitations.

**AFFIRMATIVE DEFENSE NO.3**

Some of all of Six Victor's claims are barred by the doctrines of waiver and estoppel.  In particular, Mr. Rawls-Meehan's claim that the '100 patent is invalid (for reasons other than incorrect inventorship) is inconsistent with his claim to be an inventor on the patent.

**AFFIRMATIVE DEFENSE NO. 4**

Some or all of Six Victor's claims are barred by laches.

**AFFIRMATIVE DEFENSE NO. 5**

Some or all of Six Victor's claims are barred by unclean hands.

WHEREFORE, RL prays for the following relief:

1. That the patent-in-suit be declared valid and enforceable;

2. That judgment on Six Victor's Counterclaims be rendered for RL and that all such Counterclaims be dismissed with prejudice, with costs of litigation to RL;

3. That the Court find this case to be exceptional and award RL its reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285 or other applicable law; and

4. That the Court grant to RL such other, further, and different relief as the Court may deem just and proper.

Dated: November 19, 2010        By:    /s/ Richard F. Cauley
                                       Richard F. Cauley (admitted *Pro Hac Vice*)
                                       Franklin E. Gibbs (admitted *Pro Hac Vice*)
                                       **WANG, HARTMANN, GIBBS, & CAULEY P.C.**
                                       1301 Dove Street, Suite 1050
                                       Newport Beach, CA  92660
                                       (949) 833-8483

19

Scott McConchie
**GRIESINGER, TIGHE & MAFFEI, LLP**
176 Federal Street
Boston, MA 02110
(617) 542-9900
(617) 542-0900 (fax)
*sm@gtmllp.com*

## DEMAND FOR JURY TRIAL

RL demands a trial by jury on all issues.


Dated: November 19, 2010        By:    /s/ Richard F. Cauley
                                       Richard F. Cauley (admitted *Pro Hac Vice*)
                                       Franklin E. Gibbs (admitted *Pro Hac Vice*)
                                       **WANG, HARTMANN, GIBBS, & CAULEY P.C.**
                                       1301 Dove Street, Suite 1050
                                       Newport Beach, CA  92660
                                       (949) 833-8483

                                       Scott McConchie
                                       **GRIESINGER, TIGHE & MAFFEI, LLP**
                                       176 Federal Street
                                       Boston, MA  02110
                                       (617) 542-9900
                                       (617) 542-0900 (fax)
                                       *sm@gtmllp.com*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to Six Victor Ltd.'s Counterclaims filed herewith, which were filed electronically with the Court through the Electronic Case Files system on November 19, 2010 will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF") and a paper copy will be sent via first class mail on November 19, 2010 to any counsel of record who are not registered on NEF.

                                       /s/ Richard F. Cauley
                                       Richard F. Cauley